52 CCPA

**DAVID CRYSTAL, INC., Appellant,**

v.

**BUDD & VOTAW, Appellee.**

**Patent Appeal No. 7432.**

United States Court of Customs and Patent Appeals.

June 17, 1965.

Rich and Smith, JJ., dissented.

Arthur H. Seidel and Edward Gonda, Philadelphia, Pa., for appellant.

Joseph E. Trabucco, San Francisco, Cal., for appellees.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Budd & Votaw seek registration of "Fog Cutter" for mens' and boys' jackets, raincoats, shirts and sweaters, alleging use since 1961. David Crystal, Inc., opposes on prior registrations of "Foggers" and "British Foggers" for ladies' and misses' dresses, coats, dress and jacket ensembles, suits, blouses, slacks, coveralls and jumpers. In dismissing the opposition the Trademark Trial and Appeal Board stated:

> Applicant's mark "Fog Cutters" and opposer's marks "Foggers" and "British Foggers" manifestly differ substantially in both appearance and sound, and they convey distinctly different commercial impressions. In view thereof, it is our opinion that there is no reasonable likelihood of purchaser confusion, mistake or deception.

No testimony was taken regarding channels of trade, quality or prices of the competing goods, the parties merely submitting on the record and briefs.

We agree with the board's assumption that the goods are of such nature as to be made by a single manufacturer and

probably sold through the same trade channels. We also agree that application of the competing marks to the respective goods would not result in any likelihood of confusion.

■■ Here, as in all such cases, the competing marks have *something* in common, else there would be no contest. In this instance, opposer dissects his allegedly arbitrary mark "Foggers" into "fog" and "er" in an attempt to establish confusion. We do not think purchasers would be prone to follow that course when the marks are viewed as a whole, as they must be. The fact that applicant's mark is applied to *mens'* apparel, and opposer's mark to *ladies'* garments, goods presumably bought with some degree of care, provides additional reason in support of the board's holding.

Affirmed.

RICH and SMITH, JJ., dissent.